a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MICHAEL CROSBY #535781,<br>Petitioner | CIVIL DOCKET NO. 5:24-CV-00358<br>SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TRAVIS DAY,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Michael Crosby ("Crosby"). ECF No. 5. Crosby is incarcerated at the B.B. Rayburn Correctional Center in Angie, Louisiana. Crosby challenges his conviction in the First Judicial District Court, Caddo Parish.

Because Crosby's Petition is second and successive and he has not obtained authorization for filing, it should be DISMISSED without prejudice for lack of jurisdiction.

I. Background

A grand jury indicted Crosby on one count of aggravated rape and one count of aggravated kidnaping. He was found guilty of forcible rape, and the jury could not reach a verdict on the kidnaping charge. Crosby was sentenced to 40 years imprisonment on the forcible rape conviction. *State v. Crosby*, 43,864, p. 1 (La. App. 2 Cir. 4/8/09); 6 So.3d 1281, 1282. The conviction and sentence were affirmed on

appeal. *Id.* Crosby later filed an application for post-conviction relief, which was also denied. *See State ex rel. Crosby v. State*, 2009-2668 (La. 1/14/11); 52 So.3d 893.

Crosby filed a habeas petition in 2010 challenging his conviction and sentence. *See Crosby v. Warden,* 5:10-CV-01581 (W.D. La.). The Petition was denied on the merits, and the Fifth Circuit denied a certificate of appealability. *Crosby v. Vannoy*, 16-31268, 2017 WL 11622111 (5th Cir. 2017).

In March 2023, Crosby filed another habeas petition asking the Court to vacate his conviction because he was convicted by a non-unanimous jury. The § 2254 Petition was dismissed for lack of jurisdiction as "second and successive" because Crosby had not obtained authorization from the United States Court of Appeals for the Fifth Circuit. *See Crosby v. Day*, 5:23-CV-351 (W.D. La.), ECF No. 11.

In July 2023, Crosby filed another § 2254 petition seeking to vacate the same conviction and sentence. He was given 60 days within which to obtain authorization from the Fifth Circuit. *Crosby v. Day*, 5:23-CV-1035 (W.D. La.) (ECF No. 10). Because Crosby did not obtain authorization, the Petition was stricken. *Id.* at 12.

Crosby challenges the same conviction and sentence in his current § 2254 Petition. Crosby states that he is factually innocent because his DNA was tested at a "corrupt" lab controlled by the Ku Klux Klan. ECF No. 1. Crosby wants his DNA samples retested, and he asserts that he could not have raised the claim previously because article 926.3 of the Louisiana Code of Criminal Procedure[1] did not become effective until August 1, 2021.

---

[1] Article 926.3 provides: "Upon motion of the state or the petitioner, the district court may order the testing or examination of any evidence relevant to the offense of conviction in the

II. <u>Law and Analysis</u>

Under § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . ." 28 U.S.C. § 2244. Before a second or successive petition can be filed in a district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3).

A habeas petition is not second or successive simply because it follows an earlier federal petition. *In re: Cain*, 137 F.3d 234, 235 (5th Cir. 1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* "[A]n application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 773 n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996)).

Crosby claims he is factually innocent. However, he raised a factual innocence claim in his first habeas petition, which was adjudicated on the merits. *See Crosby v. Warden, Louisiana State Penitentiary*, 10-CV-1581, 2014 WL 4810322, at *7 (W.D.

---

custody and control of the clerk of court, the state, or the investigating law enforcement agency." La. Code Crim. P. art. 926.3.

La. 2014). "[N]ew legal arguments about the same events do not amount to a new claim." *In re Sharp*, 969 F.3d 527, 528 (5th Cir. 2020) (citing *Brannigan v. United States*, 249 F.3d 584, 588 (7th Cir. 2001)).

Moreover, article 926.3 does not mandate testing of evidence; it merely authorizes the state court to order testing. La. Code Crim. P. art. 926.3.

Crosby's Petition is second and successive. He does not allege, and the jurisprudence does not establish, that Crosby has received authorization from the Fifth Circuit to file a second or successive § 2254 petition.

### III. Conclusion

Because Crosby's Petition is second and successive and he has not obtained authorization from the Fifth Circuit to file another, IT IS RECOMMENDED that the Petition (ECF No. 5) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Thursday, June 13, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE